IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROSEMARY MUNYIRI, et al., | : | |
|     Plaintiff | : | |
|         v. | : | |
| | : | Civil Action No. CCB-08-1953 |
| GARY D. MAYNARD, et al., | : | |
|     Defendants | : | |

...o0o...

## MEMORANDUM

Now pending before the court is a motion to dismiss plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted filed by defendants Gary D. Maynard ("Secretary Maynard"), Secretary of the Maryland Department of Public Safety and Correctional Services ("DPSCS"), Mitchell Franks ("former Warden Franks"), former Warden of the Baltimore Central Booking and Intake Facility ("CBIF"), and Naomi Williams ("Warden Williams"), the CBIF's current Warden (collectively "defendants"). Plaintiffs Rosemary Munyiri, Kimberly Felder, Christina Schaeffer, and Nelear Walls are suing defendants in their individual capacities under 42 U.S.C. § 1983 for violations of their Fourth and Fourteenth Amendment right to be free from unreasonable searches. The issues in this case have been fully briefed and no hearing is necessary. For the reasons stated below, the defendants' motion to dismiss will be denied.

## BACKGROUND

As this is a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the following facts are presented in the light most favorable to the plaintiffs. On July 28, 2008, Munyiri filed suit under § 1983 against a number of defendants, including Secretary Maynard and Warden Williams, for the strip and cavity search she was subjected to upon arrival at the CBIF after an arrest for traffic

violations.[1] On November 2, 2008, Judge Davis denied Secretary Maynard and Warden Williams's motion to dismiss while granting the motion to dismiss of the Baltimore City Police Department (BCPD), BCPD Commissioner Bealefeld, and arresting officer Peter M. Haduch, Jr.[2] Thereafter, Munyiri sought and obtained defendants' consent to amend the complaint to add additional plaintiffs. Plaintiffs' amended complaint now includes claims by Christina Schaeffer, Kimberly Felder, and Nelear Walls against Secretary Maynard and Warden Williams and adds former Warden Franks as an additional defendant. In addition, plaintiffs have increased the amount of relief requested from five million dollars to twenty million dollars for both compensatory damages and punitive damages.

The facts alleged by the new plaintiffs are as follows. Police officers brought Schaeffer to the CBIF at approximately 4:30 a.m. on January 19, 2009, after arresting and charging her with second degree assault. Officers arrested Schaeffer in response to a domestic assault complaint and described the alleged victim as having minor scratches on his face and neck. Upon her arrival at the CBIF, correctional officers ordered Schaeffer to disrobe and conducted a physical search of her hair and a visual search of her body cavities. She was also ordered to squat and cough while disrobed. After the search, officers placed Schaeffer in a holding cell and advised her that she would be placed in the general population until her bail was posted. Officers later moved Schaeffer to a different part of the CBIF where a new set of correctional officers performed a second strip and cavity search in the same manner as the first search. Schaeffer was released on bail approximately twenty-four hours later and the charges against her were subsequently dismissed.

---

[1] A more detailed account of Munyiri's claims is provided in Judge Davis' earlier memorandum opinion in this case, *Munyiri v. Haduch*, 585 F. Supp. 2d 670, 674 (D. Md. 2008).
[2] *See id.* at 679.

Police officers arrested Felder on or about April 12, 2008 following a physical altercation with another woman in which no weapons or drugs were involved. After officers transported Felder to the CBIF, she informed the staff that she suffered from diabetes; staff members gave her medication, but denied her request for food. A correctional officer then brought Felder to a small room where she was instructed to disrobe. The officer conducted a visual search of Felder's body cavities and patted Felder down while she was nude. Felder was also ordered to squat and cough while disrobed. After being transported to two different holding cells, Felder was eventually released on her own recognizance.

On November 7, 2008 at approximately 4:00 p.m., a Baltimore City police officer arrested Walls for failing to obey a stop sign as she exited her vehicle in front of her home. The officer did not pat down Walls before transporting her to the CBIF. Once at the CBIF, police officers and CBIF staff discussed whether they had the authority to detain Walls for minor traffic citations. The arresting officer then added the charge of Fleeing or Attempting to Elude on Foot. CBIF correctional officers escorted Walls to a room, ordered her to disrobe, and conducted a physical search of her hair and a visual search of her body cavities. Walls was also ordered to squat and cough while disrobed. Walls was released on her own recognizance the following day at 4 a.m. and the State has placed all charges against her on the stet docket.

Defendants assert that this suit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because (1) former Warden Franks cannot be liable for acts that occurred after his retirement from the CBIF; (2) plaintiffs have failed to state a claim against defendants for supervisory

liability; and (3) plaintiffs have improperly increased the amount of damages requested in their amended complaint.[3] I will address these issues in turn.

## ANALYSIS

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and alterations omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal

---

[3] Defendants also argue that plaintiffs have failed to state claims against the State of Maryland, the DPSCS, and former Warden Franks and Warden Williams in their official capacity. Plaintiffs have already conceded, however, that they possess no valid claims against the State, and Ms. Munyiri voluntarily dismissed her claims against the DPSCS and her official capacity claim against Warden Williams at an October 27, 2008 hearing. *See Munyiri*, 585 F. Supp. 2d at 673; Mem. Supp. Pls.' Resp. Opp'n Defs.' Mot. Dismiss 1st Am. Compl. at 3. The mere fact that former Warden Franks has now been added to the complaint and the term "official capacity" appears in an introductory paragraph in plaintiffs' amended complaint is insufficient to either revive the official capacity claim against Warden Williams or introduce such a claim against former Warden Franks. *See* 1st Am. Compl. at ¶ 18. Indeed Count II of the amended complaint, which contains the charges against former Warden Franks and Warden Williams, refers only to both defendants' "supervisory role," rather than their "official capacity." *See id.* at ¶¶ 145-56.

quotation and alterations omitted); *see Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001) ("the presence [in a complaint] . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the necessary legal finding).

   1. *Former Warden Franks's Liability for Acts that Occurred After his Retirement*

Plaintiffs argue that former Warden Franks may be sued in his individual capacity for supervisory liability under § 1983 despite the fact that he was no longer employed with the CBIF during the dates of the alleged strip and cavity searches. Supervisory liability may attach under § 1983 if a plaintiff can establish:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Jones v. Murphy*, 470 F.Supp. 2d 537, 545 (D. Md. 2007) (citing *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). The time gap between the date former Warden Franks left his position with the CBIF and the dates of the plaintiffs' alleged strip searches only presents an issue with regard to the third element dealing with causation. *See Shaw*, 13 F.3d at 800.

Defendants correctly note that the amended complaint fails to name former Warden Franks in the paragraph alleging a causal link between Warden Williams's conduct and the subsequent strip and cavity searches. *See* 1st Am. Compl. ¶ 153. Given the plaintiffs' inclusion of former Warden Franks alongside Warden Williams in all other allegations in Count II of the complaint, however, this omission appears to be a good faith mistake on the part of plaintiffs'

counsel rather than a true failure to allege.[4] *See id.* at ¶¶ 146-49, 151-52, 154-55. Accordingly, I grant plaintiffs leave to file a second amended complaint within 21 days to remedy this mistake.

Assuming plaintiffs had included a causal allegation against former Warden Franks, they would have stated a valid claim against him. In *Shaw*, the defendant had left his supervisory role fifteen months before the date of the alleged constitutional violation. *Id.* Nevertheless, noting that "the causal link in § 1983 cases is analogous to proximate cause," the court found that the constitutional injury was "a natural and foreseeable consequence of" the defendant's conduct and thus the supervisory liability claim against the defendant could survive the motion for summary judgment. *Id.* at 800-01. Similarly, plaintiffs in this case claim that former Warden Franks established and implemented a policy of routine strip and cavity searches and continued to enforce this policy even after receiving actual notice that the practice was unconstitutional. If true, these allegations could support a finding that the resulting unconstitutional strip and cavity searches were a "natural and foreseeable consequence" of former Warden Franks's conduct. Thus the fact that former Warden Franks was no longer employed with the CBIF at the time the strip searches occurred does not automatically defeat plaintiffs' claims against him.

2. *Charges Based on Defendants' Supervisory Liability*

Defendants repeat their arguments from their previous motion to dismiss that plaintiffs have failed to state a claim against Secretary Maynard, former Warden Franks, and Warden Williams for supervisory liability under § 1983. These arguments have already been addressed

---

[4] Indeed plaintiffs have likely implied causation. After including former Warden Franks's name in all of the allegations describing conduct in Count II, plaintiffs conclude this section of the complaint by alleging that "[a]s a direct and proximate result of *this conduct*, Plaintiffs have suffered injuries including…violation of constitutional rights, and deprivation of constitutional rights." 1st Am. Compl. ¶ 156 (emphasis added).

6

and found unpersuasive in Judge Davis's earlier opinion in this case. *See Munyiri*, 585 F. Supp. 2d at 675. Although there are now additional plaintiffs, these plaintiffs' claims are identical in substance to Ms. Munyiri's original claims and thus state a claim upon which relief can be granted.

   3. *Increase in Amount of Requested Damages*

Defendants argue that this court must limit the damages proposed by plaintiffs in their amended complaint because they did not explicitly seek permission from defendants to amend their complaint for the purpose of increasing the amount of relief requested. Plaintiffs properly sought and obtained defendants' permission to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 103.6(d). Apparently the issue of damages was not discussed. The defendants were informed of plaintiffs' intention to add more plaintiffs to the case, however, and thus could have anticipated an accompanying increase in the demand for relief. In any event, even if damages should be limited, there is no basis to dismiss the complaint.

## **CONCLUSION**

For the foregoing reasons, the defendants' motions to dismiss will be denied.  A separate Order follows.


  September 1, 2009                              /s/
Date                                          Catherine C. Blake
                                              United States District Judge