IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROSEMARY MUNYIRI, ET AL. | : | |
| | : | |
| v. | : | |
| | : | Civil No. CCB-08-1953 |
| GARY MAYNARD, ET AL. | : | |
| | : | |

...o0o...

## **MEMORANDUM**

I have reviewed the pending motion for summary judgment on behalf of defendants Gary D. Maynard, Secretary of the Maryland Department of Public Safety and Correctional Services, and Mitchell Franks and Naomi Williams, former Wardens of the Baltimore Central Booking and Intake Center ("Central Booking"). They have been sued by four female plaintiffs who allege they were subjected to unconstitutional strip searches in violation of the Fourth Amendment following their arrests for minor offenses. Two of the plaintiffs were searched in April 2008, during Warden Franks's tenure. The other two plaintiffs were searched in November 2009 and January 2009, respectively, during Warden Williams's tenure. The plaintiffs bring their claims under 42 U.S.C. § 1983, relying on a theory of supervisory liability against the Secretary and the Wardens.[1]

Under § 1983, supervisory liability may attach if a plaintiff can establish:

(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal citations omitted).

---
[1] There also is a claim against an individual correctional officer, who allegedly conducted one of the searches, but summary judgment has not been requested on her behalf.

As to Wardens Franks and Williams, as the parties' papers demonstrate, the facts relevant to their knowledge and to the adequacy of their response are inextricably intertwined with the related litigation still pending in this court: *Jones v. Murphy*, Civil No. CCB-05-1287. In that case, extensive summary judgment briefing is underway but not yet complete. In the interests of both judicial economy and fully informed decision making, and because of the extent of the factual disputes between the parties about the Wardens' knowledge, it appears most sensible to deny the motions filed on behalf of the wardens at this time, without prejudice to renewal after resolution of the pending motions in *Jones v. Murphy*. As to Secretary Maynard, however, the plaintiffs have not demonstrated more than, at most, negligent supervision, rather than tacit authorization or deliberate indifference in the face of a known unconstitutional practice. He is not a defendant in the *Jones* case, nor, apparently, was he informed of it until 2009; he oversees multiple correctional facilities and a Department that employs approximately 11,000 people, and he was appointed from out-of-state in January 2007. At least in this case, the plaintiffs do not challenge the validity of the 2008 post orders, but rather the correctional officers' alleged failure to follow them. Even if Secretary Maynard should have known of the alleged violations, and "might have done more," this does not satisfy the standard for supervisory liability. *See Shaw*, 13 F.3d at 801; *see also Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002); *cf. Slakan v. Porter,* 737 F.2d 368, 374-75 (4th Cir. 1984). Accordingly, the defendants' motion will be granted as to Secretary Maynard.

Finally, summary judgment will be granted as to any claim plaintiff Schaeffer may be asserting about a second alleged search at the Women's Detention Center, as the Center was not supervised by Warden Franks or Warden Williams.

A separate Order follows.

<u>March 31, 2011</u>                                          <u>       /s/                 </u>
Date                                                                  Catherine C. Blake
                                                                          United States District Judge